## FRED P. SARGENT *vs.* CHARLES C. HUTCHINGS.

### Hancock.    Opinion August 11, 1893.

*Sales.    Evidence.    Practice.*

In an action to recover the price of land sold and conveyed by the plaintiff to the defendant the conveyance was admitted, but the defendant denied that it was a sale, claiming that it was conveyed to him as trustee. The plaintiff introduced in evidence a writing signed and sworn to by the defendant admitting that he owed the plaintiff and others for land which defendant had conveyed to a land improvement company, therein stating the prices that he agreed to pay and the sums already paid. The defendant sought to weaken the force of such admission by testifying that the paper was intended to show for what amount each lot was put into the land scheme, and what each owner would be entitled to receive in trustee certificates, and that his attention was not called to the phraseology. To corroborate his testimony the defendant offered the testimony of two witnesses to the effect that their conveyances, referred to in the writing, were not sales but outright conveyances of land to be held in trust by the defendant; but the testimony was rejected by the court. *Held*, that the evidence was rightly excluded.

The defendant having introduced and read a letter of one of plaintiff's witnesses, during his cross-examination, without objection, *Held*, that the letter was then legally in the case.

The defendant cross-examined the witness with respect to the contents of the letter, and again offered it in evidence as tending to contradict the witness, and it was excluded. The proceeding seems to have been irregular; and as

the defendant's counsel was the cause of the irregularity, *Held*, that the defendant cannot complain of it.

ON EXCEPTIONS.

The court excluded testimony offered by the defendant upon the trial of the case and thereupon he took the exceptions which are stated in the opinion.

*J. A. Peters, Jr.*, for plaintiff.

*B. E. Tracy, Deasy and Higgins*, for defendant.

SITTING: PETERS, C. J., WALTON, LIBBEY, VIRGIN, FOSTER, HASKELL, JJ.

WALTON, J.    It is the opinion of the court that the exceptions in this case can not be sustained.

It is an action to recover the price of land, sold and conveyed by the plaintiff to the defendant.    The exceptions state that the defendant admitted that the land was conveyed to him, but denied that it was a sale.    He claimed that it was conveyed to him as trustee.

In addition to other evidence, the plaintiff introduced a writing, signed by the defendant, admitting that he owed the plaintiff and others for land which he (the defendant) had conveyed to a land improvement company, therein stating the prices which he had agreed to pay, and the sums which he had already paid. The defendant had not only signed the paper, but he had made oath to the truth of the statements therein contained.    He sought, however, to weaken the force of the admission contained in this paper by testifying that the paper was intended to show for what amount each lot was put into the land scheme, and what each owner would be entitled to receive in trustee certificates, and that his attention was not called to the phraseology; and to corroborate his testimony, he offered the testimony of Wilbur F. Vose and William F. Hutchings, to the effect that their conveyances referred to in the writing "were not sales but outright conveyances of land to be held in trust by the defendant." The testimony was objected to by plaintiff's counsel, and the objection was sustained.

We have examined all of the testimony of the defendant which is reported, and we are unable to discover that the testimony offered and rejected would either corroborate or contradict him. It is urged in argument that it would tend to show that the defendant signed the writing unconsciously. The defendant did not testify that he signed it unconsciously; and the evidence could not corroborate him on a point in relation to which he had not testified. The most that could be claimed for the evidence was that it might show that the relation of trustee and *cestui que trust* existed between the witnesses and the defendant, and that the jury might then infer that the same relation existed between the plaintiff and the defendant. But such an inference would be unjustifiable. It would by no means follow that because the witnesses had been willing to make a trustee of the defendant, that therefore the plaintiff had consented to do the same thing. We can perceive no possible ground upon which the evidence offered and rejected was admissible, and we think it was rightly excluded.

Another exception is to the exclusion of a letter written by Stephen L. Kingsley. Kingsley was a witness for the plaintiff, and while he was being cross-examined by the defendant's counsel, the letter was shown to him and he admitted that he wrote it. It was then optional with the defendant's counsel to have it read immediately, or to defer reading it to some future time. He chose to have it read immediately. He required the witness to read it, and he did read it aloud. And no objection to the reading appears to have been interposed. The letter was then legally in the case as evidence (1 Gr. Ev. § 463), and the defendant's counsel proceeded to cross-examine the witness with respect to its contents. The exceptions state that the letter which had been thus read to the jury, was again offered in evidence by the defendant, as tending to contradict Kingsley's testimony, and was excluded. This was a proceeding which we are unable to comprehend. The letter being already in the case as evidence, why it should be again offered, or why, when so offered, it should be excluded, we are unable to understand. The proceeding seems to have been irregular, and, as the

defendant's counsel was the cause of the irregularity, we think the defendant can not be allowed to complain of it. Besides, an examination of Kingsley's testimony, and of the contents of the letter, fails to satisfy us that it was admissible for the purpose for which it was offered.

　　　　　　　　　　　　　　　　　*Exceptions overruled.*

VIRGIN, J., died before the decision of this case.